**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**B. DOUGLAS WRIGHT and**
**MELISSA WRIGHT,**

|                        |                    |
|------------------------|--------------------|
| **Plaintiffs,**        | **5:12-cv-378**    |
|                        | **(GLS/TWD)**      |

        **v.**

**CITY OF ITHACA, NEW YORK et al.,**

                **Defendants.**
_____

| **APPEARANCES:**                       | **OF COUNSEL:**              |
|----------------------------------------|------------------------------|
| **FOR THE PLAINTIFFS:**                |                              |
| Bosman Law Office                      | AJ BOSMAN, ESQ.              |
| 6599 Martin Street                     |                              |
| Rome, NY 13440                         |                              |
|                                        |                              |
| **FOR THE DEFENDANTS:**                |                              |
| Stokes, Roberts Law Firm               | ARCH Y. STOKES, ESQ.         |
| Atlanta Office                         |                              |
| 3593 Hemphill Street                   |                              |
| Atlanta, GA 30337                      |                              |
|                                        |                              |
| Ithaca Office                          | PAUL E. WAGNER, ESQ.         |
| 1405 Hanshaw Road                      |                              |
| Ithaca, NY 14850                       |                              |
|                                        |                              |
| City of Ithaca                         | PATRICIA M. O'ROURKE, ESQ.   |
| Office of the City Attorney            |                              |
| 108 East Green Street                  |                              |
| Ithaca, NY 14850                       |                              |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs B. Douglas Wright and Melissa Wright[1] commenced this race-based employment discrimination action against the City of Ithaca, former Mayor Carolyn Peterson, Director of Human Resources Schelley Michell-Nunn, Chief of Police Edward Vallely, former Chief of Police Lauren Signer,[2] and John and Jane Doe defendants under 42 U.S.C. §§ 1981 and 1983, New York State Human Rights Law (NYSHRL),[3] City of Ithaca Municipal Code (IMC), and common law. (*See* Compl., Dkt. No. 1 ¶¶ 4-12, 31-59.) Pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. No. 9.) For the reasons that follow, the motion is granted in part and denied in part.

──────────────────

[1] Because Melissa Wright is a plaintiff as to only one of the seven claims asserted, "Wright," as used throughout, refers only to B. Douglas Wright unless otherwise noted.

[2] Defendants contend that Signer's proper surname is Raffee. (*See* Dkt. No. 9, Attach. 1 at 8.) For the sake of clarity, the court uses the name provided by the Wrights. Peterson, Michell-Nunn, Vallely and Signer are each sued in their individual and official capacities. (*See* Compl., Dkt. No. 1 ¶¶ 7-10.)

[3] N.Y. Exec. Law §§ 290-301.

## II. __Background__[4]

Wright, a Caucasian male who joined the Ithaca Police Department in 1992 as an Officer and attained his current position of Sergeant in 1999, was denied promotion to Lieutenant in 2007 and 2009.  (*See* Compl. ¶¶ 14-16, 21.)  In 2007, during Signer's term as Chief of Police, Wright was passed over for promotion in favor of Pete Tyler, an African-American Sergeant.  (See *id.* ¶ 16.)  Wright was denied promotion despite the fact that he was a Senior Sergeant over Tyler and another Sergeant, displayed above average performance, had a longer tenure as Sergeant than did Tyler, and had filled the role of shift Lieutenant for approximately one year. (*See id.* ¶¶ 16-17.)  On the topic of being passed over, Signer told Wright, "It's not your time yet."  (*Id.* ¶ 18.)

Wright was again eligible for promotion to Lieutenant in 2009.  (*See id.* ¶ 20.)  In the closing weeks of February 2009, Wright was summoned by Chief of Police Vallely, who stated that unless he could show "clear and convincing evidence" why Wright was the better candidate, he would "have to promote" Marlon Byrd, who is African-American.  (*Id.* ¶ 21.)  On March 5,

---

[4] The facts are drawn from the Wrights' Complaint and presented in a light most favorable to them. (*See* Compl.)

3

2009, Byrd was promoted to Lieutenant despite the fact that Vallely and Deputy Chief Barber were privy to serious criminal allegations against him, which they failed to investigate.  (*See id.* ¶¶ 21, 23.)  Around the same time, Barber offered condolences to Wright on the promotion, stating—while nodding his head toward City Hall—that "the decision was made across the street."  (*Id.* ¶ 22.)

In late 2010 or early 2011, Wright accompanied Barber to Syracuse for a meeting.  (*See id.* ¶ 25.)  During that trip, Barber, who is Caucasian, told Wright that, although he had been Deputy Chief longer, he would never be Chief of Police as long as Tyler wanted the job.  (*See id.*)  Wright alleges that his personal denials of promotion constitute just one part of the Ithaca Police Department's larger policy and practice of discrimination under which minority Officers are subject to less scrutiny for their behavior, receive favorable disciplinary treatment and are promoted over more qualified Caucasian candidates.  (*See id.* ¶ 24.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz,*

4

*LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. <u>Discussion</u>

### A.   <u>Sufficiency of the Pleadings</u>

Defendants move for dismissal initially on the general contention that Wright's allegations, even if taken as true, fail to state a claim of race discrimination.  (*See* Dkt. No. 9, Attach. 1 at 2-6.)  Wright counters, and the court agrees, that the Complaint contains facts sufficient to state a plausible race discrimination claim.  (*See* Dkt. No. 10 at 5-7.)

"[A] complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim."  *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted) (reconciling *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

Wright alleges that he was twice passed over for promotion in favor of less qualified African-American candidates because of his race, that he was told the decision not to promote him was made in City Hall, and that

preference is given to minority employees of the Ithaca Police Department in relation to hiring, promotional and disciplinary decisions.  (*See* Compl.) Accepting Wright's factual allegations as true, and drawing all reasonable inferences in his favor, he has pled a plausible discrimination claim.  *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010) (articulating the requirements of a prima facie discrimination claim under sections 1981 and 1983); *see also Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (same regarding the NYSHRL).  Accordingly, Ithaca's motion to dismiss based on insufficiency of the pleadings is denied.

**B.    Personal Involvement**

Next, defendants seek dismissal of Wright's section 1981 and 1983 claims against Peterson and Michel-Nunn for lack of personal involvement. (*See* Dkt. No. 9, Attach. 1 at 11-13.)  Wright argues that Peterson and Michell-Nunn played a role in reaching the decisions not to promote him in 2007 and 2009.  (*See* Dkt. No. 10 at 11-13.)  At this stage of the litigation, Wright has alleged facts sufficient to defeat dismissal on the issue of personal involvement.

A valid section1983 claim requires a showing of personal involvement by the defendant in the alleged constitutional deprivation.  *See Wright v.*

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  Similarly, "to make out a claim for individual liability under [section] 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (internal quotation marks and citation omitted).  "Personal involvement is a question of fact."  *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986).

While acknowledging that promotional decisions are "technically" within the province of the Chief of Police, (*see* Dkt. No. 10 at 13), Wright alleges that Peterson and Michell-Nunn influenced, or actually made, the determinations not to promote him, (*see* Compl. ¶¶ 19, 22).  In support of this contention, Wright offers Barber's statement that the 2009 decision was "made across the street," an alleged reference to City Hall.  (*Id.* ¶ 22.) At this juncture, Wright's allegations are sufficient to defeat dismissal. Defendants' motion is therefore denied on the issue of personal involvement.

## C.  Timeliness

### 1.  2009 Failure to Promote

Defendants argue next that Wright's claims under section 1983 and the NYSHRL—both of which have three-year statutes of limitations here,

see *Johnson v. Dep't of Hous. Pres. and Dev.*, 218 F. App'x 5, 6 (2d Cir. 2007)—should be dismissed as untimely.  (*See* Dkt. No. 9, Attach. 1 at 7-9.)  Wright responds, and the court agrees, that both claims were timely filed.  (*See* Dkt. No. 10 at 14.)

"[A] discrimination claim accrues from the date the claimant receives notice of the allegedly discriminatory decision."  *Singh v. Wells*, 445 F. App'x 373, 376-77 (2d Cir. 2011).  While Byrd was selected for promotion over Wright on March 5, 2009, (*see* Compl. ¶ 21), defendants argue that Wright may have received notification of that determination in the weeks prior, thereby drawing into question the timeliness of his February 29, 2012 Complaint.  (*See* Dkt. No. 9, Attach. 1 at 8-9.)  In support of this argument, defendants cite Wright's meeting with Vallely "two to three weeks prior" to March 5.  (*Id.*)  The Complaint is devoid of any suggestion, however, that Wright was notified before March 5 that he had been passed over for promotion in favor of Byrd.  Because "[a] statute of limitations provides an affirmative defense, and the burden is on the defendant to establish when a federal claim accrues," *see Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011), defendants' mere speculation is insufficient to support dismissal. Accordingly, defendants' motion to dismiss Wright's section 1983 and

NYSHRL claims as untimely is denied.

### 2.     2007 Failure to Promote

Defendants also seek dismissal of Wright's IMC § 215 claim relating to the 2007 failure to promote as untimely on the theory that, even if the IMC permits a private cause of action,[5] a three-year statute of limitations should apply.  (*See* Dkt. No. 9, Attach. 1 at 7-8.)  Wright argues that a six-year statute of limitations applies pursuant to N.Y. C.P.L.R. 213(1).  (*See* Dkt. No. 10 at 16-18.)  The court agrees that a three-year limitations period applies.

Because the IMC does not provide an applicable statute of limitations, defendants contend, without support, that "it is appropriate to look to an analogous state law[—here, the NYSHRL—]for guidance."  (Dkt. No. 9, Attach. 1 at 7.)  Wright argues that, because a city code is not a

_____

[5]  Defendants contend that IMC § 215-9.5 does not create a private right of action, but instead merely permits an aggrieved party to bring suit under existing civil rights statutes.  (*See* Dkt. No. 9, Attach. 1 at 6.)  Wright argues that the section provides for a private claim, (*see* Dkt. No. 10 at 15), citing as his only support inapposite case law in which a clearly-delineated private cause of action under the Administrative Code of the City of New York was upheld, (*see id.*).  Neither party cites authority on point, nor do they undertake statutory construction or legislative intent analyses.  In light of the parties' conclusory arguments, Wright's timely 2009 IMC claim survives at this juncture.

"statute" as the term is used in N.Y. C.P.L.R. 214(2), the six year catch-all provision of N.Y. C.P.L.R. 213(1) is applicable.  (*See* Dkt. No. 10 at 16-18.)

"A city ordinance and a State statute covering the same field should be in harmony, for the ordinance must follow the spirit of the higher statute."  *Metallic Flowers, Inc. v. City of N.Y.*, 4 A.D.2d 292, 302 (1st Dep't 1957).  The NYSHRL and IMC § 215 undoubtedly cover the same field. Section 290 of the NYSHRL articulates the law's purpose as "assur[ing] that every individual within [New York] is afforded an equal opportunity to enjoy a full and productive life," and to, *inter alia*, "prevent discrimination in employment."  N.Y. Exec. Law § 290(3).  Similarly, IMC § 215-1 states that the code's human rights clause is intended to provide protection against discrimination in a variety of areas, including employment.  Because discrimination claims brought under the NYSHRL are subject to N.Y. C.P.L.R. 214(2)'s three-year statute of limitations, an unharmonious chasm between the state law and municipal code would exist if the IMC permitted an extra three years in which to bring a similar claim.

Accordingly, in the event that the IMC provides for a separate cause of action, the applicable statute of limitations is three years, thereby

10

rendering Wright's sixth claim untimely.  Defendants' motion to dismiss is

therefore granted as to Wrights IMC claim relating to the 2007 failure to

promote, and Signer is dismissed as a defendant.

## D.   Prima Facie Tort

Next, defendants request dismissal of Wright's prima facie tort claim

as untimely and for failure to satisfy multiple requisite elements.[6]  (*See* Dkt.

No. 9, Attach. 1 at 9-11.)  Ignoring the statute of limitations issue, Wright

claims to have met his pleading requirement as to all elements of the tort.

(*See* Dkt. No. 10 at 18-20.)  The court agrees with defendants.

A claim of prima facie tort requires a showing of: "(1) an intentional

---

[6] Defendants also argue, in a footnote, that the Wrights' claims for prima facie tort and loss of consortium must be dismissed under N.Y. Gen. Mun. Law § 50(e) for failure to file a notice of claim.  (*See* Dkt. No. 9, Attach. 1 at 13 n.2.)  "Service of a notice of claim upon . . . an employee of a [municipality] is *not a condition precedent* to the commencement of an action against such person *unless* the [municipality] is required to indemnify such person."  *Grasso v. Schenectady Cnty. Pub. Library*, 30 A.D.3d 814, 817-18 (3d Dept. 2006) (internal quotation marks and citation omitted) (emphasis in original).  The duty to indemnify "turns on whether [the employee was] acting within the scope of [his] employment . . . and if that local option was formally adopted by a local governing body."  *Id.* at 818  (internal citation omitted).  While the intentional nature of the alleged discrimination likely renders filing of a notice of claim unnecessary here, *see id.*, the court declines to reach that determination on the bare record before it.  In any event, such a discussion would be academic as both claims fail on other grounds.

infliction of harm; (2) without excuse or justification and motivated solely by malice; (3) resulting in special damages; (4) by an act that would otherwise be lawful." *McKenzie v. Dow Jones & Co., Inc.*, 355 F. App'x 533, 536 (2d Cir. 2009) (internal quotation marks and citation omitted).  Depending on the interest affected, the statute of limitations for a claim of prima facie tort is either one year or three years.  *See id.* at 535.

Even assuming that Wright's prima facie tort claim is timely, and without reaching any further deficiencies, it fails because the allegedly injurious action—employment discrimination based on race—is not an act that would otherwise be lawful.  *See Chen v. United States*, 854 F.2d 622, 629 (2d Cir. 1988) (finding that racial harassment does not constitute conduct that is otherwise lawful); *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 372 (W.D.N.Y. 2010) (holding that retaliation is not "otherwise lawful conduct"); *Talvy v. Am. Red Cross in Greater N.Y.*, 1995 WL 313680, at *4 (N.Y. Sup. Ct. Mar. 29, 1995) ("Since discrimination, if proved, is itself unlawful, the conduct cannot constitute *prima facie* tort.").  Accordingly, defendants' motion is granted as to Wright's prima facie tort claim, and that claim is dismissed.

**E.    Loss of Consortium**

Finally, defendants seek dismissal of Melissa Wright's loss of consortium claim on the grounds that such an action cannot be sustained under federal and state civil rights laws.  (*See* Dkt. No. 9, Attach. 1 at 13.) While admitting that federal civil rights statutes do not permit a loss of consortium claim, Melissa Wright argues that her action may be brought under the NYSHRL.  (*See* Dkt. No. 10 at 20-21.)  The court agrees with defendants.

A claim for loss of consortium "is not an independent cause of action, but is derivative in nature, and may only be maintained where permitted pursuant to the primary tort."  *Dilworth v. Goldberg*, No. 10 Civ. 2224, 2011 WL 3501869, at *23 (S.D.N.Y. July 28, 2011) (internal quotation marks and citation omitted).  Actions for loss of consortium are "not cognizable under federal civil rights statutes," *see id.* at *24, nor may they be brought pursuant to the NYSHRL, *see Moss v. Stinnes Corp.*, 169 F.3d 784, 785 (2d Cir. 1999).  Despite Melissa Wright's disagreement with the reasoning of these cases, and her citation to a state appellate decision which apparently permits a derivative claim under the NYSHRL, the court declines to upset this settled precedent.  Defendants' motion to dismiss is accordingly granted as to Melissa Wright's loss of consortium claim, and

that claim is dismissed.

## V. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 9) is

**GRANTED IN PART** and **DENIED IN PART** as follows:

  **GRANTED** as to Wright's IMC § 215 claim relating to the 2007

failure to promote and his prima facie tort claim, and Melissa Wright's loss

of consortium claim, and those claims are **DISMISSED**; and

  **DENIED** as to Wright's 42 U.S.C. §§ 1981 and 1983 claims, his

NYSHRL claim, and his IMC § 215 claim relating to the 2009 failure to

promote; and it is further

**ORDERED** that Lauren Signer is **TERMINATED** as a party to this

action; and it is further

**ORDERED** that Melissa Wright is **TERMINATED** as a party to this

action; and it is further

**ORDERED** that defendants file the appropriate responsive pleadings

within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Dancks in order

to schedule further proceedings in accordance with this order; and it is

14

further

     **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

May 15, 2012
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
Chief Judge
U.S. District Court

15